Peck, P. J., and Shientag, J.
(concurring). We concur on the ground that the Legislature intended that the statute should be construed to have the court take into account the character and location of space in fixing rent under the alternative proceeding added to section 4 of the Commercial Rent Law by chapter 534 of the Laws of 1949. This view is confirmed by what we regard to be the clarifying amendment made to section 4 by chapter 327 of the Laws of 1950, by which it is specifically provided that the court shall determine the fair rental value per square foot of rentable space by taking into account the character and location of such space. Likewise, we are of the opinion that consistent with the pattern of section 4 as a whole, it was intended that the rent fixed by the court under the alternative proceeding was to be determined as of the date of the application to the Supreme Court, as provided by the second sentence of section 4. This is also specifically provided by the clarifying amendment made by chapter 327 of the Laws of 1950, providing that after the fixation of rent by the alternative proceeding the landlord shall be entitled to receive rent ‘ ‘ dating from the time the application is made.” Treating these amendments .as clarifying and interpretive of existing law is in line with applicable rules of construction. “ The force to be given subsequent legislation as affecting prior legislation also depends somewhat upon the time of the enactment and the surrounding circumstances, including the history of the various enactments. If it follows soon .after controversies have arisen as to the interpretation of the original act, it may well be construed as explanatory of the ambiguities over which such controversies arose.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 193.)